*EX PARTE* McKENZIE.

NATURALIZATION.—This Court has no jurisdiction to hear an application for naturalization.

Application by Blair McKenzie to the Supreme Court for naturalization.

*Mr. Duncan C. Ray*, for motion.

December 20, 1897. PER CURIAM. In this case the petitioner applies to this Court for naturalization under the

provisions of section 2165, *et seq.*, of the Rev. Stat. of the United States, which declare the manner in which "an alien may be admitted to become a citizen of the United States." One of the requirements is, that the applicant shall declare, on oath, before a Circuit or District Court of the United States, or a District or Supreme Court of the Territories, or a court of record of any of the States, having common law jurisdiction, and a seal and clerk, two years, at least, prior to his admission, that it is his *bona fide* intention to become a citizen of the United States, &c."

The question which presents itself at the threshold is, whether this Court has any jurisdiction to hear and determine this application? The jurisdiction of the Court is specially defined in sec. 4 of art. V. of the present Constitution, which reads as follows: "The Supreme Court shall have power to issue writs or orders of injunction, mandamus, quo warranto, prohibition, certiorari, habeas corpus, and other original or remedial writs. And said Court shall have appellate jurisdiction only in cases of chancery, and in such appeals they shall review the findings of fact as well as the law, except in chancery cases where the facts are settled by a jury and the verdict not set aside, and shall constitute a Court for the correction of errors at law, under such regulations as the General Assembly may, by law, prescribe." It is obvious, therefore, that this Court has been invested with jurisdiction in only three classes of cases: 1st. To issue certain specified writs as well as other original and remedial writs. 2d. To hear and determine appeals in cases of chancery. 3d. For the purpose of correcting "errors at law" under such regulations as may be prescribed by the General Assembly. Before, therefore, this Court can take jurisdiction in any case or matter submitted to it, such case or matter must fall within some one of the three classes above described; for this Court cannot assume jurisdiction in any other case—its jurisdiction having been distinctly defined in the Constitution of the State, creating this tribunal, or in such statutes passed by the General Assembly,

in pursuance of the provisions of the Constitution above quoted. It is quite certain that no act of Congress can confer any additional jurisdiction upon any Court of a State, and, in this instance, we do not see that Congress has attempted to do so, for it simply declares before what State Courts an alien may make his application to become a citizen of the United States, and does not purport to add anything to the jurisdiction conferred upon such State Courts by the proper authority of the State creating them.

It has been suggested that inasmuch as the act of Congress authorizes the application to become a citizen to be made before any State Court "having common law jurisdiction," and inasmuch as this Court is invested with common law jurisdiction, it may take jurisdiction of this application. While it is true that this Court may exercise common law jurisdiction *in certain cases*, or, to speak more correctly, may apply the principles of the common law to cases which fall within its jurisdiction as defined by the Constitution and laws of this State, it is not true that this Court has common law jurisdiction in any case which parties may desire to bring before it. But, be this as it may, it is quite certain that this application does not fall within any of the classes of cases in which this Court has been authorized by the Constitution of this State to exercise jurisdiction; for it certainly is not an application for any of the original or remedial writs mentioned in the section of the Constitution above quoted, nor is it an appeal in a case of chancery, nor an application for the correction of errors at law under the regulations prescribed by statute for that purpose. We are, therefore, compelled to decline assuming jurisdiction of this matter, and for this reason only the application must be refused, without prejudice to the right of the petitioner to renew his application before any tribunal invested with jurisdiction to hear and determine the same.