## WHETSTONE v. LIVINGSTON.

1. NEW TRIAL—MAGISTRATE COURT.—A motion in magistrate court for new trial must be made within five days after judgment, but need not be argued and decided within that time.

2. APPEAL—IBID.—THE CIRCUIT COURT does not acquire jurisdiction of an appeal from magistrate court unless notice of intention to appeal be served on respondent, or his attorney, within proper time. The fact that magistrate states in his return that such notice was served on him, is not proof of such service on respondent, or his attorney. *Perkins* v. *Douglass,* 46 S. C., 6, *distinguished from this.*

3. JURISDICTION.—A CIRCUIT JUDGE may raise question of jurisdiction of his own motion.

Before BENET, J., Orangeburg, September, 1898. Affirmed.

Action in magistrate court by W. L. Whetstone against Leslie Livingston, on issue of amount due on agricultural lien. From order of Circuit Court dismissing appeal from magistrate court, defendant appeals.

*Messrs. Glaze & Herbert,* for appellant, cite: *Motions for*

*new trials must be made within five days from rendition of judgment:* Code, 88, sub. 18; Code, 402.    19 S. C., 143, *does not apply.    This Court cannot consider a point not ruled upon below:* 22 S. C., 231, 309; 23 S. C., 75; 24 S. C., 565. *Notice of appeal is no part of record for appeal from trial justice court:* 46 S. C., 6.    *Party may appeal from trial justice judgment without making motion for new trial:* 13 S. C., 215.

*Mr. Wm. C. Wolfe,* contra, cites: *As to motions for new trials before trial justice court:* Code, 88, sub. 18; 46 S. C., 505; 19 S. C., 143; 7 S. C., 342; 9 S. C., 82.    *Notice of motion for new trial must be in writing, stating time and place, and be served on opposite side:* 41 S. C., 92 : *And service must be shown affirmatively:* Code, 159; 18 S. C., 198. *Circuit Court cannot consider question of fact passed on by magistrate, not excepted to:* 34 S. C., 160.    46 S. C., 6, *is not analogous to case at bar.*

March 30, 1899.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.    This case was originally tried before a magistrate and a jury, on the 17th of February, 1898, and judgment was rendered in favor of plaintiff. In the "Case" as prepared for argument here, we find a paper of which the following is a copy: "To W. L. Whetstone : Take notice that the defendant, Leslie Livingston, in the above entitled case, through his counsel, has moved for a new trial on the grounds (see copy attached) which they have filed with me, dated the 21st February, 1898.    I have named Friday, 25th day of February, 1898, 3 P. M., to hear argument on said motion.    Given under my hand and seal, this 21st day of February, 1898.    (Signed) W. Arthur Johnson, Magistrate.    (L. S.)"    The magistrate's return as to this point is as follows: "The case was tried on February 17, 1898.    Notice for a new trial was served on February 21st, 1898, which motion was heard on 25th of Febru-

ary, 1898." It is stated in the "Case" that: "This motion was refused, and the defendant appealed to the Circuit Court. The following also appears in the magistrate's return: 'Notice of appeal was served on March 2d, 1898.' The record does not show affirmatively any proof of service of the motion for a new trial or appeal, upon the plaintiff, respondent, or his attorney. When this case was called by the presiding Judge at the September, 1898, term of the Court, for the purpose of hearing the appeal from the magistrate's court, the attorney for the plaintiff, respondent, raised the question of jurisdiction, and contended that, inasmuch as the motion for a new trial made in the magistrate's court had not been heard within five days after the trial and verdict, the Court had lost jurisdiction of the case, and moved to dismiss the appeal for want of jurisdiction. After argument, the presiding Judge made the following order dismissing the appeal: 'The appeal in the above stated case came on to be heard before me, and after hearing counsel pro. and con., now, on motion of W. C. Wolfe, attorney for respondent, ordered, that the said appeal be and hereby is dismissed, for the reason that, the motion for a new trial antecedent to the appeal to this Court, not having been made before the magistrate within five days after rendition of judgment, the magistrate's court was without jurisdiction in hearing the said motion; and that this Court is, therefore, without jurisdiction, notice of appeal not having been served within the time fixed by the statute; following *Doty* v. *Duval,* 19 S. C., 143. (Signed) W. C. Benet, presiding Judge. September 29, 1898."

From this judgment defendant appeals upon the several grounds set out in the record, only one of which, the second, need be stated here, as the others raise, substantially, the same questions: "2. Because the presiding Judge erred in holding and deciding that the motion for a new trial, antecedent to the appeal to the Circuit Court, not having been made before the magistrate within five days after rendition of judgment, the magistrate's court was without jurisdiction in

hearing the said motion, and that the Circuit Court was without jurisdiction, notice of appeal not having been served within the time required by the statute." It appears, therefore, that his Honor, Judge Benet, dismissed the defendant's appeal from the order of the magistrate refusing his motion for a new trial upon two grounds : 1st. Because such motion was not made within five days after the rendition of judgment, and hence the magistrate had lost jurisdiction to hear such motion. 2d. Because no notice of appeal to the Circuit Court was served within the time required by statute, and hence the Circuit Court had no jurisdiction to hear the appeal.

It will be observed that the "Case" shows that when the attorney for plaintiff, respondent, appeared in the Circuit Court and moved to dismiss the appeal for lack of jurisdiction, he based his motion upon the ground that the motion before the magistrate for a new trial "had not been *heard*"— *not* that it had not been *made,* within five days; and it will also be observed that the record before Judge Benet showed, on its face, that the motion was made before the magistrate within five days, as the notice addressed to plaintiff and signed by the magistrate expressly states that defendant *"has* moved for a new trial, on the ground (see copy attached) which they have filed with me, dated the 21st February, 1898," which notice bears date 21st February, 1898, less than five days after the rendition of judgment, although the motion was not heard or decided until after the expiration of the five days, as the magistrate appointed the 25th of February, 1898, "to hear argument on said motion." In view of these facts, thus appearing upon the record, we are bound to conclude that Judge Benet, in stating in his order that the motion was not *made* within the five days, either wholly disregarded the facts before him (a supposition which cannot for a moment be entertained), or that he really meant that the motion was not *heard* within the five days. If so, then there was error, as will be seen by reference to the case

of *Speer* v. *Meschine,* 46 S. C., at page 509, where Mr. Justice
Jones, in delivering the opinion of the Court, after stating
the provisions of the statute, uses these words: "It will be
seen that the limitation is that the motion must be *made,* and
is not that the motion must be *decided* within five days from
the judgment." Besides, under the settled rule, when a
party is allowed a given number of days within which to do
any act, he is entitled to do the act at any time up to the last
moment of the last day allowed. Hence, under this rule,
the defendant was entitled to the *whole* of the time allowed,
even up to the last hour of the fifth day, to make his motion
for a new trial; and if he availed himself of this privilege, it
would be impossible for the motion to be heard and deter-
mined within the five days. A construction of the statute
leading to such a result cannot be adopted, as it would tend
to defeat the very object of the statute. So that we do not
think that the first ground upon which the Circuit Judge
rested his order can be sustained.

The second ground, however, is much stronger, and must
be sustained. If the notice of appeal to the Circuit Court
was not given within the time prescribed by statute, then
that Court could not take jurisdiction of the appeal. The
record contains no evidence whatever that this notice of
appeal was ever served either upon the respondent or
his attorney, and there is no evidence *aliunde* of that
fact. The statement appearing in the magistrate's
return, that: "Notice of appeal was served on March 2d,
1898," while sufficient, as an admission, to show that the
magistrate was served with the notice of appeal, does not
show, or even purport to show, that either the respondent or
his attorney was ever served with any notice of appeal; and
the statute—Code, sec. 360—expressly requires that the
notice of appeal must be served not only upon the magistrate,
but also upon the respondent, or his attorney. It is no part
of the functions of magistrate either to serve papers or to
certify to their service. That duty falls within the province
of the executive officer of the Court, and the fact of the ser-

544      WHETSTONE *v.* LIVINGSTON.

vice can only be shown either by the certificate of such officer, or by the affidavit of the individual who makes the · service, or by the admission of the party served, unless such evidence be waived by the voluntary appearance of the party in Court; but not where, as in this case, such appearance was only for the purpose of raising the question of jurisdiction. Indeed, as was said in *Perkins* v. *Douglass,* 46 S. C., 6, the notice and grounds of appeal, in a case like this, constitute no part of the return which the magistrate is required to make, as the statute—Code, sec. 362—only requires the Court below to make a return to the appellate Court "of the testimony, proceedings and judgment," which, as was said in that case, "of course, meant the proceedings *in the Court below,* and did not embrace the notice and grounds of appeal, which followed, and were not a part of the proceedings *in the Court below."* That case was cited by counsel for appellant for the purpose of showing that the fact that it did not appear by the return of the magistrate that respondent had, in due time, been served with the notice of appeal, was not fatal to the appeal. But the wide difference between that case and the case now under consideration is that, in *Perkins* v. *Douglass,* while the return of the magistrate contained no evidence that the respondent had ever been served with notice of appeal, yet there was evidence *aliunde* before the Circuit Judge that the respondent had been served, in due time, with the notice; but here there is no evidence whatever, either *aliunde* or otherwise, that either respondent or his attorney had ever been served with the notice of appeal. It is true, that it is stated, *in the argument* of counsel for appellant, that: "The plaintiff, respondent, was present at the hearing of the motion for a new trial, and took part in the argument; was also represented at the hearing of the appeal below, and is still represented here by counsel learned in the law;" but these facts do not appear in the "Case," and as this Court has repeatedly held that facts appearing only in the argument of counsel cannot be considered by this Court, we cannot take notice of any fact unless it appears in the

"Case," and must confine our attention to the facts there stated, and there it appears that counsel for plaintiff only appeared in the Circuit Court for the purpose of raising the question of jurisdiction, and his argument before this Court is addressed solely to the same question.   Surely an appearance for such a purpose cannot be held to be a waiver of proof of the very fact upon which alone the question of jurisdiction turns.

It may be said that the question raised by the second ground upon which the Circuit Judge based his order, was not presented by plaintiff's counsel when he moved to dismiss the appeal in the Circuit Court for want of jurisdiction. But it is well settled that, even in this Court, a question of jurisdiction may be raised at any time, either by the parties or by the Court of its own motion. *Lowry* v. *Thompson,* 25 S. C., 416, which has been recognized and followed in several subsequent cases.   Upon the same principle we cannot doubt that a Circuit Judge may, of his own motion, raise a question of jurisdiction; and, if he is satisfied that he cannot take jurisdiction of the case, he may dismiss the case upon that ground.   Of course, if he err in so doing, this Court may correct such error.   But in this case we do not think that Judge Benet erred in granting the order upon the second ground upon which it is based.

The judgment of this Court is, that the judgment or order of the Circuit Court be affirmed.