## STATE v. GARRETT.

JURIES—CONSTITUTION—LAURENS COUNTY.—The acts under which the grand and petit jurors for February term, 1901, of Sessions Court for Laurens County were drawn, are unconstitutional.

Before GAGE, J., Laurens, February term, 1901. Reversed.

Indictment against Manning F. Garrett. From sentence on verdict, defendant appeals.

*Messrs. Babb & Knight,* for appellant.

*Mr. Solicitor T. S. Sease* and *Messrs. Ferguson & Featherstone,* contra.

June 19, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. Indictment against defendant for larceny and entering house without breaking, with intent to commit a crime, at the February term, 1901, of the Court of General Sessions for Laurens County, S. C., was found by grand jury. Defendant moved to quash indictment on the ground that the grand jury which found "true bill" was not a legal grand jury, as the law authorizing the same was unconstitutional and void, so far as Laurens County is concerned, because at variance with the provisions of subdivision 8 of sec. 34, of art. III., of the Constitution of this State. Motion was denied. Trial resulted in verdict of guilty and sentence was pronounced. The defendant, before sentence, moved in arrest of judgment on the same ground submitted to quash venire of grand jury. Motion was refused.

The defendant appeals from judgment on the grounds of error of Circuit Judge in refusing to quash indictment and also in arrest of judgment. The appeal must be sustained. The case is ruled by *the State* v. *Queen,* 62 S. C., 247, and other cases deciding such jury laws unconstitutional.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and a new trial ordered.