## STATE v. EDWARDS.

1. INDICTMENT—DEMURRER—MOTION—QUASHING.—If the solicitor's *nol prossing* a count in an indictment for murder, charging defendant with carrying concealed weapons, renders the indictment defective, advantage must be taken by demurrer or motion to quash, and not by motion in arrest of judgment.

2. GRAND JURY—WAIVER—MOTION.—AN INDICTMENT found by a grand jury drawn under an unconstitutional statute is void, and defendant

does not waive his right to make this question on motion in arrest of judgment by pleading to the indictment and going to trial.

3. CHARGE as to the right of a person to interfere when he sees a felony about to be committed, and as to protection of a guest, if erroneous, does not make harmful error, when no such issue is raised by the evidence.

Before DANTZER, J., Greenville, September, 1903. Reversed.

Indictment for murder against James Dennis Edwards. From sentence, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *As to indictment presented by illegal grand jury:* 62 S. C., 247; 56 S. C., 382; 15 Rich., 42, 47; 11 S. C., 319; 2 Speer, 211; 30 Mo., 600; 53 Mo., 432; 33 Miss., 356; 1 Rich., 188; 2 Rich., 533. *As to preventing felony:* 25 Ency., 2 ed., 274; 135 U. S., 1; 1 Bis. Cr. L., sec. 877.

*Solicitor Julius E. Boggs,* contra.

March 26, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant, under an indictment for the murder of Frank Neeley, was found guilty, with recommendation to mercy, and was sentenced to life imprisonment in the penitentiary, from which he now appeals.

The first, second and third exceptions allege error in overruling motion in arrest of judgment. This motion was based upon the grounds: (1) that the jury law under which the grand jury, which found a true bill, was organized, is unconstitutional, null and void, and that the defendant has, therefore, been convicted under a void indictment; (2) that the indictment, when it was handed to the jury, did not contain a count for carrying concealed weapons, as required by the criminal Code. Judge Dantzler, who tried the case, refused the motion upon the ground

that the same had not been made before the jury were charged with the trial of the case. It appears that the appellant was represented on said trial by counsel, but no objection was made to the indictment before trial or return of verdict.

We will first briefly notice the second objection above, which is the foundation of the third exception. An examination of the indictment, a copy of which is set out in the "Case," shows that it did contain a special count for carrying concealed weapons, in conformity with sec. 131, Criminal Code, which provides: "In every indictment for murder * * * and in every case where a crime is charged to have been committed with a deadly weapon of the character specified in sec. 130, there shall be a special count in said indictment for carrying concealed weapons, and the jury shall be required to find a verdict on such special count." After the finding of a true bill on said indictment, the solicitor withdrew or *nol. prossed* the charge of carrying concealed weapons. Whether the solicitor has the right to withdraw such special count, when he finds that it cannot be sustained, is not involved in this appeal. If the striking out of such special count rendered the indictment defective as not in accordance with sec. 131, it was a defect apparent on the face of the indictment, and cannot be raised for the first time on motion in arrest of judgment. Sec. 57, Criminal Code, provides that "every objection to any indictment for any defect apparent on the face thereof shall be taken by demurrer or on motion to quash such indictment before the jury shall be sworn in and not afterwards."

The other objection is more serious. The "Case" shows that during the month of January, 1901, the names of persons to serve as grand and petit jurors for that year were selected and put in the jury box, under act approved February 19, 1900, entitled "An act to amend sections 2236, 2237 of the General Statutes, relating to the drawing and term of service of jurors in the Circuit Courts of this State, and to validate the jury lists already prepared," and that in accordance with the provisions thereof

the names of the required number of persons were thereafter drawn to serve as grand jurors for the county of Greenville during said year of 1901, and they were drawn, summoned and empanelled in accordance with said act; that thereafter at the May term, 1901, of the Court of General Sessions for Greenville County, the grand jury so drawn, summoned and empanelled returned a true bill upon the indictment in this case. This act, under which the grand jury was created, was held unconstitutional in the case of *State* v. *Queen,* 62 S. C., 250, 40 S. E., 553. The Constitution, art. I., sec. 17, provides that "no person shall be held to answer for any crime, where the punishment exceeds a fine of $100 or imprisonment for thirty days with or without hard labor, unless on a presentment or indictment of a grand jury of the county where the crime shall have been committed." It must follow that a conviction and sentence based upon an indictment by a void grand jury cannot stand, unless the defendant has waived his right by not interposing his objection in proper time.

The case of *State* v. *Faile,* 43 S. C., 52, 20 S. E., 798, shows that the accused may waive his rights to insist upon a constitutional provision like the one quoted above by expressly waiving objection to amendment to an indictment without resubmission to a grand jury. We suppose there is no doubt that one may waive a statutory or unconstitutional provision for his benefit and protection, unless public policy requires its enforcement, but the intention to waive should clearly appear. Was the failure to interpose the objection as to the invalidity of the grand jury before plea to the merits or verdict, a waiver of such objection? In answering this question properly, we must keep in mind that there is a broad distinction between want of power and a defective exercise of power, between objections which assail the validity of a grand jury as a body and objections which merely go to a particular member of a grand jury, between what is absolutely void and what is merely irregular. There are a number of cases which hold that objections to the qualification

21—68

of a particular grand juror comes too late after plea of not guilty. *State* v. *Blackledge,* 7 Rich., 327; *State* v. *Rafe,* 56 S. C., 379, 34 S. E., 660; *State* v. *Boyd,* 56 S. C., 384, 39 S. E., 661; *State* v. *Berkeley,* 64 S. C., 194, 41 S. E., 961. These irregularities in the venire, or in the drawing, summoning or empanelling of grand jurors, are certainly waived if objection be not made before verdict. Civil Code, sec. 2947; *State* v. *Stephens,* 11 S. C., 319; *State* v. *Jeffcoat,* 26 S. C., 114, 1 S. E., 440. But the objection here goes deeper. It does not assert a disqualification which affects only a member of a body otherwise lawful, nor a mere irregularity in doing which the law requires, which assumes power to act, but it goes to existence of the grand jury as a body, that it is void as such, and that its indictment is, therefore, a nullity. A writ of venire to grand or petit jurors is a part of the record of conviction, and when it is *void,* the judgment will be arrested. *State* v. *Dozier,* 2 Spear, 211; *State* v. *Williams,* 1 Rich., 188. Judgments were arrested in the cases of *State* v. *Jennings,* 15 Rich., 42, and *State* v. *Pratt,* 15 Rich., 47, because the petit jurors were so illegally drawn as not to constitute lawful bodies. So, also, in the case of *State* v. *Harden,* 2 Rich., 533. In the case of *State* v. *Turner,* 63 S. C., 548, 41 S. E., 778, an appeal was sustained which assigned error in overruling motion in arrest of judgment, made upon the ground that the jury lists were illegally prepared, not having been drawn publicly, as required by the statute. In the case of *State* v. *Garrett,* 64 S. C., 250, 42 S. E., 108, this Court set aside a conviction because the act authorizing the grand jury which found "true bill" was unconstitutional, and would be entirely conclusive of this question but for the fact that a motion to quash the indictment on the same ground had been made. The correct rule is thus stated in *ex parte Wilson,* 140 U. S., 575, declaring the effect of the decision in *U. S.* v. *Gale,* 109 U. S., 65, "A defect in the construction or organization of a grand jury, which does not prevent the presence of twelve competent jurors by whose votes the indictment is found, and which

could have been cured if the attention of the Court had been called to it at the time, or promptly remedied by the empanelling of a competent grand jury, is waived, if the defendant treats the indictment as sufficient, pleads not guilty, and goes to trial on the merits of the charge." In this case the grand jury was not a lawful body, its indictment was a nullity and incurable; therefore, a plea of not guilty is not a waiver of such a fatal defect. The motion in arrest of judgment should have been sustained.

With respect to the exceptions which allege error in the charge in declaring the right of a person to interfere when he sees a felony is about to be committed, and in declaring the rights of a host to interfere for the protection of his guest, we have only to say the case as presented does not show any harmful error in these particulars. The defendant, at folios 87 and 89, testified that he had shot Neeley to save his (defendant's) life, as Neeley was advancing on him with a knife, and his defense was on that line. We do not see how he could be prejudiced by a charge made with reference to the right to prevent the commission of a felony upon another, or the right of a host to protect his guest. It is true, the Circuit Court, at request of defendant's counsel, charged on the subject, and charged generally in accordance with defendant's request, but with some modifications. Whether the charge was in every respect accurate, is not material to any issue raised by the evidence.

For error in not sustaining motion for new trial, and arrest of judgment, as alleged in the first and second exceptions, the judgment of the Circuit Court is reversed, and the case remanded for a new trial.