## 7250

## STATE v. LAZARUS.

JURY—JURISDICTION—APPEAL—SEAL.—A motion, after sentence in this Court, to set aside a conviction by a petit jury on an indictment presented by a grand jury because the writ of *venire facias* on which both were summoned has not the seal of the Court, comes too late, as it is an irregularity of record and should have been noticed before trial. The point that the drawing or organization of a jury is so contrary to law that there is no lawful jury may be made for the first time in this Court.

Before DeVore, J., Colleton, March term, 1909. Affirmed.

Indictment against Isaac Lazarus for murder of Dover Chisolm. From sentence, defendant appeals.

*Mr. J. S. Griffin,* for appellant, cites: *Lack of seal renders venire void:* 2 Speers, 211; 65 S. C., 318.

*Solicitor J. H. Peurifoy,* contra.

July 19, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The trial of the defendant, Isaac Lazarus, at the March, 1909, term of the Court of General Sessions for Colleton county, for the murder of Dover Chisolm, resulted in his conviction for manslaughter and a sentence to two years on the chaingang. The sole point made by the appeal is that the grand jury, which found a true bill on the indictment, and the petit jury, which found the verdict, were illegal, and the trial and conviction a nullity, because the writ of *venire facias* lacked the seal of the clerk.

The defect was not brought to the attention of the Circuit Court, and the defendant seeks to avail himself of it for the first time by appeal to this Court. In 1843, and again in 1845, it was held that a paper in the form of a writ of *venire facias* lacking the seal of the Court was void; and that the judgment would be arrested by the Court of Appeals, although the point had not been made in the trial Court. *State* v. *Dozier,* 2 Speer, 211; *State* v. *Williams,* 1 Rich., 188. In considering the force to be given to these decisions it is of some importance to observe the difference between the powers of the Court of Appeals and this Court.

Motions in arrest of judgment, which lie only for matters apparent on the face of the record, were constantly entertained and decided by the Court of Appeals under the former practice, when the point had not been passed upon by the Circuit Court. By reason of changes made by the Constitutions of 1868 and 1895, the Supreme Court in

criminal cases has no other jurisdiction than to correct errors of law. *Ex parte McKenzie,* 51 S. C., 245, 28 S. E., 468; *State* v. *Leak,* 62 S. C., 405. Accordingly, it has been held the Court has no jurisdiction to hear a motion in arrest of judgment, except on appeal from the Circuit Court. *State* v. *Rankin,* 3 S. C., 438. This limitation of the power of appellate courts when acting in their appellate jurisdiction is of general recognition. There is, however, an exception to the rule. As a tribunal acting without jurisdiction is, as to such action, not a court, even a Court exercising only appellate jurisdiction will declare void the action of the lower Court in excess of its jurisdiction. *Lowry* v. *Thompson,* 25 S. C., 416; *Whetstone* v. *Livingston,* 54 S. C., 545, 32 S. E., 561. Under this exception to the rule, it must be held that where the law requires the presentment of a grand jury as a condition precedent to the trial of a crime, the grand jury is a constituent part of the Court, and without its presentment the Court has no jurisdiction of the cause. Hence, an appellate court will declare void a conviction obtained in such case without the presentment of a grand jury, for lack of jurisdiction of the subject matter in the trial Court. The same principle of course applies to an attempted conviction without the verdict of a petit jury. As we apprehend, it is in the application of this principle that the Courts hold that where the proceedings, resulting in the organization of those who acted either as grand jurors or petit jurors, are so contrary to law that either jury can not be said to have any legal existence, the conviction is a nullity. In such case it is for lack of jurisdiction in the trial Court that the appellate Court will declare the conviction of no effect, even where the point is not made in the trial Court.

In *United States* v. *Gale,* 109 U. S., 65, 71, 27 L. Ed., 857, Justice Bradley thus states the application of the principle: "There are cases undoubtedly, which admit of a different consideration, and in which the objection to the

grand jury may be taken at any time.   These are where the whole proceeding of forming the panel is void; as where the jury is not a jury of the Court or term in which the indictment is found; or has been selected by persons having no authority whatever to select them; or where they have not been sworn; or where some other fundamental requisite has not been complied with."

In *State* v. *Edwards*, 68 S. C., 318, 321, 47 S. E., 395, Justice Jones, in connection with a review of the authorities in this State, says: "Was the failure to interpose the objection as to the invalidity of the grand jury before plea to the merits or verdict a waiver of such objection?   In answering this question properly,·we must keep in mind that there is a broad distinction between want of power and a defective exercise of power, between objections which assail the validity of the grand jury as a body and objections which merely go to a particular member of a grand jury, between what is absolutely void and what is merely irregular."   In the Edwards case the grand jury was held not to be a lawful body and its indictment a nullity, because the act under which it was organized was unconstitutional, that is, the grand jury was organized without any authority of law.   In that case, however, the question of the jurisdiction of this Court to consider such a question was not involved, because the case was before this Court on exception to the denial by the Circuit Court of a motion in arrest of judgment, made on the ground that there was no legal grand jury.   Nevertheless, the tenor of that case is in accord with the principle that where the drawing or organization is so contrary to law that there is in fact no lawful jury, the conviction must be declared void by the appellate Court, though the point was not made in the trial Court.

The Court in the case of *State* v. *Edwards* also recognizes and cites *State* v. *Dozier, supra,* and *State* v. *Williams, supra,* as authority for the proposition that: "A writ of *venire* to grand or petit jurors is a part of the record of

conviction, and when it is *void,* the judgment will be arrested." Since those earlier cases were decided, however, there has been an important change in the law, and the Court did not hold in *State* v. *Edwards, supra,* or in *State* v. *Stephens,* 11 S. C., 319, that since the change the lack of the seal would make the *venire* void. The statute passed in 1871, 14 Stat., 693, Civil Code, Sec. 2947, is as follows: "No irregularity in any writ. of *venire facias,* or in the drawing, summoning, returning or empanelling of jurors shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict." The question then is whether the failure of the clerk to affix the seal to the *venire facias* is to be regarded an irregularity within the meaning of the statute. If it was, then the rule laid down in *State* v. *Dozier, supra,* and *State* v. *Williams, supra,* that such a defect is fatal, is no longer of force. From a verbal standpoint, the argument is strong that the term "irregularity" here used was not intended to cover the lack of a seal on a writ of *venire facias,* because the statute speaks of "irregularity in any writ of *venire facias,*" and the term "writ" implies a seal. But we think the amendment should be looked at in a larger way, as intended to prevent the delay of new trials for any technical objection to the jury not appearing to the Court to be injurious to the defendant.

The term "irregularity" is defined: "the want of adherence to some prescribed rule or mode of proceeding; and consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or in doing it in an unreasonable time or improper manner." Tidd's Practice, 434; Bordeau ads. Treasurers, 3 McC., 142; *State* v. *Norton,* 69 S. C., 454, 48 S. E., 464; 17 A. & E. Enc., 481; "The technical term for every defect in practical proceedings; a comprehensive term including all formal objections to practical proceedings; the want of adherence

to some prescribed rule or mode of proceeding; the doing or not doing that, in the conduct of a suit at law, which conformably with the practice of the Court ought or ought not to be done; * * * a deviation from certain minor provisions of the statutes, designed to procure the method and convenience in procedure." 23 Cyc., 355; "When a proceeding (judicial or extra-judicial) is done in the wrong manner, or without the proper formalities, it is said to be irregular or an irregularity, as opposed to a proceeding which is illegal or *ultra vires.*" Rapalje & Lawrence Law Dictionary.

Juries are now drawn, summoned and empanelled by authority of the statute law of the State. The clerk and other officers take the steps prescribed by the statute in an administrative capacity, and the papers issued by them are merely the means taken to secure good and lawful men, competent to act as jurors. Any variation by mistake or inadvertence by the officer from the terms of the statute is an irregularity. Under our statute the case falls within the principle so well laid down by Justice Harlan in *In Re Wilson,* 140 U. S., 575, 585, 35 L. Ed., 513: "The indictment is the charge of the State against the defendant, the pleading by which he is informed of the fact, and the nature and scope of the accusation. When that indictment is presented that accusation made, that pleading filed, the accused has two courses of procedure open to him. He may question the propriety of the accusation, the manner in which it has been presented, the source from which it proceeds, and have these matters promptly and properly determined; or, waiving them, he may put in issue the truth of the accusation and demand the judgment of his peers on the merits of the charge. If he omits the former and chooses the latter he ought not when defeated on the latter, when found guilty of the crime charged, to be permitted to go back to the former and inquire as to the manner and means by which the charge was presented."

So far we have considered the case as if the same law applied to the grand jury and the petit, but with respect to the petit jury there is another statute, having no application to the grand jury, which is still stronger in its requirement that there should be timely objection in the Circuit Court. Section 2496 of Civil Code, Act of 1871, 14 Stat:, 693,. provides: "All objections to jurors called to try prosecutions, or actions, or issues, or questions arising out of actions or special proceedings in the various Courts of this State, if not made before the jury is empanelled for or charged with the trial of such prosecution, or action, or issue, or question arising out of actions or special proceedings, shall be deemed waived; and if made thereafter shall be of none effect." The *venire facias* is a public record, and the defendant was charged with notice of any defects in it. It, therefore, avails him nothing that he may not have discovered the defect until after trial. *Mew* v. *Ry. Co.*, 55 S. C., 95, 32 S. E., 828; *State* v. *Langford*, 74 S. C., 460, 55 S. E., 120.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in the result.*

MR. JUSTICE HYDRICK *did not sit in this case.*