14220

STATE v. SPARKS

(183 S. E., 719)

*Messrs. L. G. Southard, John C. Williams* and *H. R. Swink,* for appellant,

*Messrs. S. R. Watt, Solicitor,* and *G. W. Speer,* for respondent.

February 10, 1936.

Per curiam.

The defendant was tried under an indictment charging him with the murder of one Guy Clary. In addition to his plea of not guilty, he relied upon the law of self-defense and of the defense of the habitation and of his place of business. He was convicted of manslaughter and sentenced to imprisonment for a period of five years.

As there must be a new trial, we will not review the testimony at length. The record discloses that on Sunday evening or night, July 22, 1934, the deceased and four companions went to the home of the defendant about seven miles west of Gaffney. A small part of the dwelling

house was used as a storeroom. Sparks testified that these men were drunk or under the influence of whiskey, but that he invited some of them in, and that Guy Clary and two others entered the kitchen, that he sold them beer, and that one of them, Smith, sat down at a table to drink his, but that the other two went into the bedroom of the wife of the witness and sat on her bed. It is agreed on all hands that then or immediately thereafter the defendant ordered all of them to leave the house, but that the deceased, Guy Clary, did not do so. As to what occurred after that, the evidence is not in agreement. Sparks stated that Guy made a move as if to draw a pistol, and that "I shot him when I thought he was going to kill me." The testimony, however, adduced by the State on that point, and as to the general attitude of the deceased, was in conflict with that offered for the defense, which made an issue of fact for the jury as to how the killing occurred. The motion, therefore, for a directed verdict was properly overruled.

The assignment of error as to the Court's charge, however, must be sustained. As we have stated, while Clary, the deceased, was invited by the defendant into his home, he was subsequently ordered by Sparks to leave the dwelling, which he failed and refused to do. He thereupon became a trespasser, and in such case the law permits the owner of the home to employ such force, even to the taking of the life of the trespasser, as may be reasonably necessary to acomplish the expulsion. *State v. Bradley,* 126 S. C., 528, 120 S. E., 240.

The Circuit Judge, with regard to the law of self-defense, charged the jury that the defendant, being in his own home, did not have to retreat. The testimony showed, however, that the difficulty between Clary and Sparks, resulting in the death of the former, followed quickly after the defendant had invited the deceased to leave, and in close and immediate connection therewith. It is thus seen that the question of self-defense was inextricably bound

up with the law of the habitation. The Court, therefore, should have instructed the jury, not only that the defendant was not bound to retreat, but that in his effort to lawfully eject the trespasser from his home he was without fault in bringing on the difficulty. On the contrary, they were told that the defendant was required to prove this element of self-defense, in the instant case, by the preponderance of the evidence. We think this was prejudicial error. *State v. Rogers,* 130 S. C., 426, 126 S. E., 329.

Other questions raised by the exceptions have been considered and are found to be without merit.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.