16420

STATE v. GRIGGS

(61 S. E. (2d) 653)

*Messrs. Matthew Poliakoff, Frank Bostick* and *Thomas W. Whiteside,* all of Spartanburg, *for Appellant,*

*Messrs. Samuel R. Watt,* Solicitor, and *Horace C. Smith,* of Spartanburg, *for Respondent.*

October 27, 1950.

STUKES, Justice.

Appellant operated a roadside restaurant in Spartanburg County. Allegedly undertaking to quell a disturbance among customers, he struck one in or about the face with his fist. The victim fell and the evidence indicates that the back of his head hit a counter, stool or the cement floor, which resulted in a skull fracture from which he died ten days later. Appellant and his witnesses testified that the blow was struck as the deceased drew back to strike appellant. On trial upon

an indictment for murder appellant was convicted of involuntary manslaughter.

There was evidence that appellant had previously warned the deceased to desist from disorder or leave the premises. Accordingly the trial judge instructed the jury relating to the rights of appellant thereabout and also charged with reference to self defense which was pleaded. After considerable deliberation the jury returned and requested through a baliff further instructions on voluntary and involuntary manslaughter, with which the court complied. Then a juror asked of the judge, as follows: "Did you say he had a right to defend himself with force, if necessary?" The court declined to answer this query, explaining that it related to the law of self defense and he would not confuse the jury by emphasizing one portion of the charge more than another. A juror then inquired, as follows: "Does he have the right to defend his place of business to that extent, if it takes that?" The court then proceeded to instruct the jury that an implied invitee in a public place may become a trespasser if he refuses to leave after request by the proprietor or one in charge and further, quoting again from the record: "You have the legal right to use such force, short of killing him, as may be necessary to eject him; and, if he resists by force, the owner, proprietor, or one in charge of such office, store, or place of business may legally defend himself, and for this purpose use such force as the nature of the attack and the surrounding circumstances require, and in so defending your property, or yourself, from attack, if made by a trespasser, you may use such force as is necessary to protect your property and your person, and not thereby abridge or destroy any of your rights under your plea of self defense. Does that cover what you have in mind? Anything else that troubles you, don't hesitate to let me know."

There were no additional questions from jurors (which was hardly to be expected) but one of appellant's counsel said to the court, in effect, that he thought the jury should have been instructed, in response to the inquiries, upon the

law of self defense in one's own place of business. The court, however, declined and expressed satisfaction with the instructions. The jury retired again and afterward brought in their verdict.

Upon consideration of the record we are constrained to agree with counsel that appellant may well have been prejudiced by the failure of the court to clearly and accurately instruct the jury upon appellant's right to defend himself from threatened attack in his place of business, to which he and other witnesses had testified. It is true that the subject had been treated in the general charge but the jury's need of further enlightenment was indicated by their return for additional instructions and their pointed and repeated questions. We therefore find error.

The State contended that the fatal blow was a stealthy one while appellant testified, with some support from other of his witnesses, that it was defensive from apparent imminent attack. Whether it followed former warning from appellant to deceased to leave the premises was also in controversy. In view of the testimony, appellant was entitled to both theories of defense without confusion of them in the charge, which is apparent from the portions of it discussed above. Defense of his person was not dependent upon prior request to deceased to leave the premises and the latter's refusal, which may have been the understanding of the jury; nor was appellant, who was on his premises, required to retreat, as if elsewhere. The affinity of these available defenses was remarked upon in *State v. Osborne,* 200 S. C. 504, 21 S. E. (2d) 178, where it was said that they are cognate.

The case stands on its own peculiar circumstances which had better not be further discussed because of the necessity for another trial. However, the following decisions are pertinent in varying degrees. *State v. Bowers,* 122 S. C. 275, 115 S. E. 303; *State v. Bradley,* 126 S. C. 528, 120 S. E. 240; *State v. Gordon,* 128 S. C. 422, 122 S. E. 501; *State v.*

*Rogers,* 130 S. C. 426, 126 S. E. 329; *State v. Quick,* 138 S. C. 147, 135 S. E. 800; *State v. Sparks,* 179 S. C. 135, 183 S. E. 719; *State v. Hewitt,* 205 S. C. 207, 31 S. E. (2d) 257; and annotations, 9 A. L. R. 379 and 33 A. L. R. 421.

Reversed and remanded for new trial.

BAKER, C. J., TAYLOR and OXNER, JJ., and L. D. LIDE, Acting Associate Justice, concur.