## 10387

### STATE v. GIBBS.

#### (102 S. E. 333.)

1. WITNESSES—TO BE DISCREDITED BY TESTIMONY OF OTHERS THAT WITNESS IS NOT CREDIBLE.—In discrediting a witness the approved practice is to produce testimony of others that the witness is not creditable

2. WITNESSES—CROSS-EXAMINATION OF WITNESS AS TO MARRIAGE WHILE HAVING A LIVING HUSBAND IMPROPER FOR PURPOSE OF TESTING CREDIBILITY.—Cross-examination of witness as to whether she had married her deceased husband at a time when she had another husband living, for the purpose of testing her credibility as a witness, was improper, and exclusion of answer was not error.

3. WITNESSES—CROSS-EXAMINATION AS TO CONTRADICTORY STATEMENT MUST RELATE TO SAME TIME THAT STATEMENT SOUGHT TO BE CONTRADICTED WAS MADE.—In homicide prosecution, cross-examination of witness as to statement of other witness, made after the shooting, for purpose of contradicting testimony of such witness, was improper, where evidence of the witness sought to be contradicted related to what she had said before the shooting.

4. HOMICIDE—PERSON ON OWN PREMISES NOT REQUIRED TO RETREAT WHEN BEING ASSAULTED WITH DEADLY WEAPONS.—A person on his own premises and outside of his dwelling, but within the curtilage, if assaulted by a deadly weapon, is not bound to retreat, but may stand on his own ground and meet such attacks even to killing his assailant.

5. HOMICIDE—PREVIOUS DIFFICULTIES AND BEING UNDER A PEACE BOND DOES NOT DEPRIVE ACCUSED OF SELF-DEFENSE PLEA.—That the defendant had had previous difficulties with deceased, and that he may have been under a peace bond, would not deprive him of his plea of self-defense if he comes within the requirements of the self-defense law.

6. CRIMINAL LAW—REFUSAL TO INSTRUCT ON A PHASE OF SELF-DEFENSE RAISED BY THE EVIDENCE ERROR.—In homicide prosecution, Court's refusal to instruct that the fact of prior difficulties did not deprive defendant of his self-defense plea, where the previous difficulties between the parties was an important element in the case, *held* error, notwithstanding instruction on the elements of self-defense not covering such matter.

Before BOWMAN, J., Greenville, Spring term, 1919 Reversed and new trial ordered.

H. M. Gibbs was convicted of manslaughter, and he appeals.

*Messrs. Bonham & Price* and *J. Frank Eppes,* for appellant, cite: *As to error in not permitting defendant's counsel to ask the witness, Mrs. Lackey, if she had not married the deceased before the death of her first husband:* 98 S. C. 117; 79 S. C. 187; Const. of 1895, article II, sec. 6. *As to contradiction of Mrs. Lackey, the prosecuting witness:* 43 S. C. 105; 70 S. C. 452. *As to the law of retreat:* 72 S. C. 194; 79 S. C. 150.

*Mr. Solicitor J. Robert Martin,* for the State.

Feruary 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Indictment of Gibbs for the murder of Lackey; verdict of manslaughter; judgment, seven years; appeal by the defendant.

The parties were nigh neighbors and small white farmers, and they had aforetime fallen out about the line betwixt their lands. Both men had shotguns, and the testimony tends to prove that each man discharged his gun, and that one man was killed and the other slightly wounded.

The appellant has argued four questions. Two of them have reference to testimony which was excluded on the State's motion. Two of them have reference to the charge of the Court.

The only persons present and witnessing the homicide were the two men and their wives.

1. Mrs. Lackey, the wife of the slain man, was on the witness stand. She was asked on cross-examination in effect if she had not married Lackey while she still had a living husband named Smith. The solicitor objected to the answer, and it was excluded. The Court ruled, "I don't think it has anything to do with testing her credibility as a

258                          STATE *v.* GIBBS.

_____
                    Opinion of the Court.                [113 S. C.
_____

witness;" and that is the issue to be decided, the witness not having declined to answer as she might have done.

In our judgment an affirmative answer would not have affected the credibility of the witness; and that the approved practice in this State to discredit a witness is the testimony of others that the witness is not credible. See the cases below. *State v. Alexander,* 2 Mill, Const. 171; *State v. Free,* 1 McMul. 494; Anonymous, 1 Hill 251; *State v. Wyse,* 33 S. C. 582, 12 S. E. 556. The exclusion of the answer of Mrs. Gibbs was, therefore, not error, but was right.

2. Thomas Gosnell was testifying in chief for the State. On the cross-examination the counsel for the defendant put this question to him: "I asked him if he did not, a short time after the shooting, hear Mrs. Lackey say to her mother that she told her husband to go to the house and get his gun and come back down there and shoot these people."

The Court ruled, on objection by the solicitor: "Don't answer that. It would be contradicting the witness, and the foundation has not been laid for that."

The ruling was right. The question was directed to elicit what Mrs. Lackey had said *after* the shooting. All of her testimony was about what she had said *before* the shooting. What she said at all out of Court was at best only a declaration. It only becomes competent to give such a declaration in evidence when it tends to cast discredit on the present testimony of the witness; and it ought, therefore, to appear, as it did not appear in this case, that the two alleged inconsistent statements were made in the same time. The rule of law in such cases is familiar.

The defendant's counsel proffered three requests to charge, to wit:

"First. When a man is upon his own premises within the curtilage of his home, he is not bound to retreat when

assailed, but may stand his ground and use such force as may be necessary to repel a trespass, even to the extent of killing the trespasser. Under the law of this State all buildings within a distance of 200 yards of the dwelling used in connection with the dwellings are within the curtilage.

"Second. A person on his own premises and outside of his dwelling, but within the curtilage, if assaulted by a deadly weapon, is not bound to retreat, but may stand on his own ground, and meet such attacks even to killing his assailant.

"Third. I want to ask the Court to charge the jury that, although the defendant may have had previous difficulties with the deceased, and although he may have been under a peace bond, still this would not deprive him of his plea of self-defense if he comes within the requirements of the law as given to the jury."

The first request was charged.

The second request, a more particular statement than the first, was modified by the addition of these words:

"Gentlemen, if the assailant is on the public road or on his own premises, this does not apply; but, if he is on the premises within the curtilage, then the owner of the place does not have to retreat."

The third request was neither expressly charged nor expressly refused About it the Court said: "I think I have covered everything."

Reverting to the second request, it is simple in expression and a correct statement of law, calculated to assist the jury to reach a right verdict. It was admitted at the bar by Mr. Solicitor Martin that both combatants were at the instant within the curtilage of each, for the testimony never put that in issue. But the modification is muddy and misleading. There was no public road in the situation. The defendant was confessedly on his own premises and within the curtilage. It is not manifest whether the Court by the word "assailant" meant Gibbs or

Lackey, nor is it plain to whom the Court referred, Gibbs or Lackey, when reference was made to the "owner of the place." Both combatants were charged with being assailant, and each was on his own place. The modification ought not to have been made.

5    The third request was correct, and ought to have been charged.

The Court did not either allow it or refuse it, but remarked, as before stated: "I think I have covered everything."

Counsel for the defendant pressed the request more than once thus: "Mr. Price: It is very important, if the Court please. The Court: I have told the jury if he has made out four requirements then very well. Mr. Price: If there has been previous difficulties between the defendant and the deceased, he is not deprived of self-defense. The Court: If he has complied with the four requirements laid down, then he has made out his plea."

But the four points which the Court had charged, and charged well, did not at all include or suggest the issue of law which arose out of the testimony and which was covered by the third request. After charging the four points minutely, the Court summarized them thus:

"You must be without fault in bringing on the difficulty, you must evade the difficulty by retreating, if you can do so without serious bodily injury or endangering your own life, you must believe that you are in danger of losing your own life, and that danger must be either real or apparent, and then you must show that the circumstances were such that a man possessed of ordinary reason and intelligence would be justified in reaching that conclusion; those are the four points, and all must be made out by the preponderance or greater weight of the testimony. If he has made out these four conditions, then he has made out his plea of self-defense."

The Court, therefore, never charged the jury whether the fact of a prior difficulty betwixt the combatants cut off one of them to plead self-defense, and that was the material matter requested to be charged, and the request was of serious import, and was correct.

The judgment is reversed and a new trial is ordered.