### 10939

#### STATE v. MARLOWE

(112 S. E. 921)

1. CRIMINAL LAW—ERRONEOUS CHARGE IN ONE CASE CANNOT BE HELD ERROR IN ANOTHER CASE.—Erroneous charge in one case cannot be held to be error in subsequent case, though some of the persons who served in the first case were serving as jurors in the subsequent case.

2. CRIMINAL LAW—ACCUSED CONSENTING TO EXCUSING JUROR CANNOT COMPLAIN.—Where a juror who had been accepted by both the plaintiff and the defendant asked to be excused on account of sickness, and the accused consented, he cannot be heard to complain on appeal.

3. HOMICIDE—ADMISSION OF EVIDENCE TO DISCREDIT ACCUSED WHEN CHARACTER NOT PUT IN ISSUE ERROR.—Where in a prosecution for murder the solicitor was allowed to ask the defendant as to his association with Villa and others, the only purpose of which was to discredit him, accused not having put his character in issue, it was clearly incompetent and prejudicial.

4. HOMICIDE—ONE NOT BOUND TO RETREAT WHEN ATTACKED IN ROOMS OF CLUB OF WHICH HE WAS MEMBER.—The law of retreat in self-defense has no application where one is on his own premises, and where a member of a club was in the club rooms, and the rooms are owned by the club, the law of retreat does not apply to such club member when attacked by another therein.

Before MEMMINGER, J., Greenville, October, 1921. Reversed.

J. C. Marlowe convicted of manslaughter for the killing of Thomas McCarroll, and appeals.

*Messrs. Bonham & Price,* for appellant, cite: *What is fair and impartial trial:* 91 S. C., 35; 19 Pa. Ct. 376; 240 Fed. 911; 213 S. W. 636; 232 S. W., 300; 28 S. C., 572. *No proof of corpus delicti:* 36 S. C., 531. *Comments of*

*Judge made him participant in decision of the case*: 81 S. C., 379; 73 S. C., 383.  *Question as to defendant's service with known bandit was improper*: 78 Ala., 474.  *No reason to retreat if person is at place where he has a legal right to be*: 158 U. S., 550; 29 Ohio St., 186; 57 Ind., 80; 1 Bish. New Crim. L., Sec. 850; 2 Whart. Crim. L., Sec. 1019; 3 Minn., 270; 8 Mich., 157; 75 N. E., 275; 16 R. I., 631; 32 N. E., 180; 26 S. W., 816; 17 Ga., 465; 52 Miss., 23; 5 Iowa, 433; 19 S. W., 975; 11 S. W., 812; 51 S. W., 488; 18 Atl., 1040; 40 N. E., 746; 10 S. E., 793; 55 S. W., 894; 90 S. E., 834; 71 S. W., 148; 66 Pac., 348; 112 Pac., 273; 79 S. E., 675; 81 S. E., 1087; 126 Pac., 831; 126 Pac., 839; 59 L. R. A., 759; 101 S. E., 666; 113 S. C., 256; 76 Ala., 8; 17 Ga., 465.

*Mr. D. W. Smoak, Solicitor,* for respondent, cites: *Rule as to retreat*: 72 S. C., 203.  *Judge may refer in his charge to other cases and charge grand jury in presence of petit jury*: 103 S. C., 199; 94 S. C., 305; 86 S. C., 17; 47 S. C., 523; 88 S. C., 166; 94 S. C., 27.

July 5, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted for murder and convicted of manslaughter.  There was testimony tending to show that the appellant and deceased were playing cards in a small room in the Elks' Club in Greenville.  The appellant was a member of the club, and the deceased was not.  How the deceased obtained admittance to the rooms of the club is not stated.  The parties became involved in a personal difficulty.  The appellant testified that the deceased struck him with a chair and seriously injured him, and was in the act of striking him again when he fired the fatal shot.

I.  The first assignment of error was a charge that the presiding Judge made to the jury in a previous case, some of the persons who served in the previous case

were serving as jurors in this case. We have been cited to no authority and we know of none that holds that an erroneous charge in one case can be held to be error in another case, and these exceptions are overruled.

II. The next assignment of error is that his Honor erred in excusing a juror after he had been accepted by both the State and the defendant. The juror asked to be excused on account of sickness. The appellant consented to allow the juror to be excused, and it is now too late to complain.

III. The next assignment of error is in allowing the solicitor to ask the defendant as to his association with Villa and others. The only purpose of this evidence was to discredit the defendant. The defendant did not put his character in issue, and it was clearly incompetent and prejudicial. The exceptions that raise this question are sustained.

IV. The next assignment of error is that his Honor erred in refusing the charge:

"The seventh request of the defendant is as follows: "The law of retreat in self-defense has no application where one is on his own premises, and the jury is charged that, where a member of a club is in the club rooms and the rooms are owned by the club, the law of retreat does not apply to such a club member when attacked by another in the club rooms.' "

This was error. A man is no more bound to allow himself to be run out of his rest room than his workshop.

There are other assignments of error, but they are so peculiarly incident to that particular trial that, as a new trial is to be ordered, they have become academic.

The judgment is reversed.