## 11466

### STATE v. GORDON

#### (122 S. E., 501)

1. HOMICIDE—REFUSAL OF REQUEST AS TO ASSAULT ON ONE IN HIS PLACE
   OF BUSINESS BY DEFENDANT SUBFOREMAN IN CHARGE OF HIS EM-
   PLOYER'S WORK HELD ERROR.—Upon an evidential showing that de-
   fendant was a subforeman in charge of his employer's work at the
   time of the homicide, a refusal of a request that one who is as-
   saulted in his own house is not required to retreat before exercising
   his right of self-defense, and a man's place of business is his dwell-
   ing, *held* error.

2. HOMICIDE—ONE ATTACKED ON HIS OWN PREMISES MAY CLAIM IM-
   MUNITY FROM LAW OF RETREAT.—One attacked, without his fault,
   on his own premises, has the right, in establishing his plea of self-
   defense, to claim immunity from the law of retreat, which ordinarily
   is an essential element of that defense.

3. HOMICIDE—THAT ACCUSED WAS ON HIS OWN PREMISES DOES NOT
   RELIEVE HIM OF DUTY TO RETREAT, WHERE DECEASED WAS WHERE
   HE HAD A RIGHT TO BE.—If deceased was where he had a right to

---

Note:  On duty to retreat when not on one's own premises, in action
on homicide, see note in 18 A. L. R., 1279.

be and accused wrongfully brought on the difficulty by attempting to eject him, accused would not be relieved of the duty to retreat by the fact that he was on his own premises.

4. HOMICIDE—ACCUSED MUST RELY ON RIGHT TO EJECT ASSAILANT TO RELIEVE HIM OF DUTY OF RETREATING ON HIS OWN PREMISES.—Where accused relies on the right to eject to establish the first element of self-defense, that he was without fault in bringing on the difficulty, he must also rely on this right to eject his assailant to relieve him from the duty of retreating on his own premises.

5. HOMICIDE—ONE ATTACKED ON HIS OWN PREMISES NOT BOUND TO RETREAT BECAUSE HE HAS NO RIGHT TO EJECT ASSAILANT.—Where one on his own premises, without fault on his part, is attacked by another, he is not bound to retreat because he may have no legal right to eject his assailant from the place where the assailant happens to be.

6. HOMICIDE—SUBFOREMAN IN CHARGE OF EMPLOYER'S WORK HELD IN HIS "PLACE OF BUSINESS" WITHIN LAW OF RETREAT.—Where defendant was a subforeman in charge of his employer's work, the place of that work was defendant's place of business within the meaning of that term as employed in the law of retreat.

7. HOMICIDE—ONE WRONGFULLY ATTACKED IN PLACE OF BUSINESS JOINTLY OCCUPIED NEED NOT RETREAT.—Where a place of business is jointly occupied by two persons, each being equally entitled to possession, one wrongfully attacked by the other while in such place need not retreat.

Before RICE, J., Anderson, September, 1923. Reversed and remanded.

Clarence Gordon was convicted of manslaughter and he appeals.

*Mr. Kurtz P. Smith,* for appellant, cites: *Refusal to properly instruct the jury:* 122 S. C., 275; 120 S. C., 205. *Doctrine of retreat:* 113 S. C., 256; 120 S. E., 240. *Refusal to grant new trial:* 116 S. C., 210; 117 S. C., 470.

*Mr. L. W. Harris, Solicitor,* for the State, cites: *Exception long and argumentative:* Rule 5, Sec. 6. *No proper objection:* 112 S. E., 332; 106 S. E., 573; 60 S. E., 664. *Correct charge on doctrine of retreat:* 51 S. E., 685; 29 L. R. A. (N. S.), 459; 75 So., 824; 13 R. C. L., 824, 832. *Question of fact for the jury:* 3d Wharton Homicide, 558, Sec. 344.

April 15, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

From sentence, upon conviction of manslaughter, the defendant appeals.

The defendant, Clarence Gordon, and the deceased, Will Colliers, were employees on the farm of Elias McGee, under and subject to the direction of Allen Emerson, the general foreman. There was evidence tending to establish that on the morning of the homicide Emerson, the foreman, sent the defendant and four or five other hands, of whom the deceased, Colliers, was one, to do certain wood cutting on the McGee farm; that this work was in charge of the defendant as subforeman; that after this work was begun the deceased became insubordinate and threatened the defendant with an axe; that the defendant left the scene to report the difficulty to Emerson, the foreman; that he could not find Emerson and that after staying away for some time he decided to go back to his work; that in view of Collier's threat he went by his home and got his gun for protection; that when he returned to his work he was, without any fault on his part, attacked by Colliers, whom he shot in self-defense.

The Circuit Judge refused defendant's request to charge as follows:

"One who is assaulted in his own house is not required to retreat before exercising his right of self-defense, and I charge you that a man's place of business is within the meaning of this rule and is deemed his dwelling, and he need not retreat therefrom in order to invoke the benefit of the doctrine of self-defense."

Commenting thereon, the Court said:

"That's good law, but under the facts of this case it doesn't apply, and I will have to refuse to charge you that. Both of these men, if they were in a place where they had a right to be, if both were working for Mr. McGee at a place

where he had put them and instructed them to work, or his foreman had put them there or sent them there with instruction to work there, then each man had a right to be there, one had just as much right as the other, and in a case of that kind, then, the law of retreat does apply, and applies in this case, and, therefore, I charge you the law of retreat as applicable to the case under the instructions which I have just given you."

As applied to the facts of this case we think the foregoing ruling and charge of the trial Court as to the law of retreat were erroneous.

One attacked, without fault on his part, on his own premises—

"has the right, in establishing his plea of self-defense, to claim immunity from the law of retreat, which ordinarily is an essential element of that defense." *State v. Bradley* (S. C.), 120 S. E., 240. *State v. Gibbs,* 113 S. C., 256; 102 S. E., 333. *State v. Brooks,* 79 S. C., 144; 60 S. E., 518; 17 L. R. A. (N. S.), 483; 128 Am. St. Rep., 836; 15 Ann. Cas., 49. *Beard v. U. S.,* 158 U. S., 550; 15 Sup. Ct., 962; 39 L. Ed., 1086. *Alberty v. U. S.,* 162 U. S., 499; 16 Sup. Ct., 864; 40 L. Ed., 1051.

That rule, in its application to a person's place of business, was recently recognized and applied by this Court in *State v. Bowers,* 122 S. C., 275; 115 S. E., 303. In the recent case of *State v. Marlowe,* 120 S. C., 205; 112 S. E., 921, it was held that a member of a club, wrongfully attacked by another in the clubrooms, was under no duty to retreat.

Is one so situated deprived of this "immunity from the law of retreat" by the fact that his assailant is equally entitled to claim the premises as his home or place of business or rest room? Speaking to this point Cardozo, J., in *People v. Tomlins,* 213 N. Y., 240; 107 N. E., 496; Ann. Cas. 1916C, 916, says:

"The rule is the same whether the attack proceeds from some other occupant or from an intruder. It was so adjudged in *Jones v. State*, 76 Ala., 8, 14. 'Why,' it was there inquired 'should one retreat from his own house, when assailed by a partner or cotenant, any more than when assailed by a stranger who is lawfully upon the premises? Whither shall he flee, and how far, and when may he be permitted to return?' We think that the conclusion there reached is sustained by principle, and we have not been referred to any decision to the contrary."

The rule is thus stated in 30 C. J., 72, § 245:

"Where a house, premises, or place of business is jointly occupied, used, and possessed by two persons, as by partners, joint tenants, or tenants in common, each joint occupant, being equally entitled to possession, need not retreat when attacked while in the building or premises by the other joint occupant."

It is suggested that that rule will not stand the test broadly laid down in *State v. Rochester*, 72 S. C., 194; 51 S. E., 685, that one on his own premises is bound to retreat unless he has the right "to eject his adversary from the place where he had a right to be." Upon examination it will be found that the test indicated in *State v. Rochester* was stated in passing upon the Circuit Judge's modification of the defendant's request to charge to the effect that one in rightful possession of premises may approach any person wrongfully on the same, may order the trespasser to quit the land, and may use such force as may be necessary to eject the trespasser. There was evidence in that case that the deceased at the time of the difficulty was in the public road where he had a right to be.

If the deceased was where he had a right to be and the accused wrongfully brought on the difficulty by attempting to eject him, accused would not be relieved of the duty to retreat by the fact he was on his own premises, for the reason that he would not have been without

fault in bringing on the difficulty. Where the accused relies on the right to eject to establish the first element of self-defense, that he was without fault in bringing on the difficulty, he must also rely on this "right to eject" his assailant to relieve him from the duty of retreating on his own premises. That, as we apprehend, is the proposition for which the *Rochester Case* stands. But where one on his own premises, without fault on his part, is attacked by another, he is not bound to retreat because he may have no legal right to eject his assailant from the place where the assailant happens to be. Thus, in *State v. Gibbs, supra,* where "both combatants were charged with being assailant, and each was on his own place," the defendant was properly held entitled to the instruction that he was not bound to retreat if assaulted, but could stand his ground and "meet such attacks even to killing his assailant." Obviously, the defendant in that case had no right to eject his adversary from the adversary's own premises. The right to eject test was not applicable there and for the same reason it is not applicable here.

In the case at bar upon the evidential showing that defendant was a subforeman in charge of his employer's work, we think the place of that work was the defendant's place of business within the meaning of that term as employed in the law of retreat. Even in the view, therefore, that the place of that work was also the place of business of the deceased where he had an equal right to be, we can see no sound reason for not applying the general rule that where a place of business is jointly occupied by two persons, each being equally entitled to possession, one wrongfully attacked by the other while in such place need not retreat. But whether the deceased, in the circumstances of this case, would have been entitled to invoke the "place of business" doctrine to absolve him from the duty to retreat or whether that doctrine is applicable to the place of work of employes generally is not here in-

v.olved and is not decided. It follows that appellant's third and fourth exceptions must be sustained.

The Court deems it proper to say that there is much of force in appellant's second exception, but, as the conclusion above announced requires that a new trial be had, it is not considered necessary formally to pass upon that or any of the remaining exceptions.

The judgment of the Circuit Court is reversed and a new trial ordered.

Reversed.

Messrs. Justices Watts, Fraser and Cothran concur.

Mr. Chief Justice Gary did not participate.