## 12111

### STATE v. QUICK

#### (135 S. E., 800)

1. HOMICIDE—INSTRUCTION AS TO LAW OF SELF-DEFENSE RELATIVE TO RIGHT OF DEFENDANT TO STAND GROUND ON HIS OWN PREMISES HELD ERRONEOUS.—Instruction, in prosecution for assault and battery with intent to kill, on law of self-defense relating to right of one to stand his own ground when on his own premises, *held* erroneous.

2. HOMICIDE—ONE, STANDING ON HIS OWN PREMISES WHEN ATTACKED BY ANOTHER IN HIGHWAY OR ON ADJOINING PREMISES, MAY STAND HIS GROUND.—When a person on a highway or on adjoining premises attacks another on his own premises, that other, if he is without fault in bringing on the difficulty, does not have to retreat, but may stand his ground.

· Before HENRY, J., Marlboro, September, 1925. Reversed and remanded for a new trial.

Shuford Quick was convicted of assault and battery with intent to kill, and he appeals.

*Messrs. J. K. Owens* and *J. J. Evans,* for appellant, cite: *One on his own premises need not retreat before assailant:* 128 S. C., 426; 79 S. C., 144; 33 S. C., 124; 13 R. C. L., 830. Sentence excessive: 8 R. C. L., 266; 35 L. R. A., 561. *Cases distinguished:* 126 S. C., 300; 72 S. C., 194.

*Messrs. M. J. Hough, Solicitor,* and *N. W. Edens,* for respondent, cite: *Sentence within legal limits may not be corrected on appeal:* 119 S. C., 55; 110 S. E., 460; 88 S. C., 229; 70 S. E., 811. *Failure to make charge more specific not error in absence of request:* 86 S. C., 64; 68 S. E., 129; 85 S. C., 64; 67 S. E., 6; 68 S. C., 421; 47 S. E., 676; 28 S. C., 335; 36 S. E., 705. *Charge to be considered as whole:* 115 S. C., 248; 105 S. E., 341; 58 S. C., 335; 36 S. E., 706; 47 S. C., 67; 25 S. E., 113; 47 S. C., 25; 24 S. E., 991; 44 S. C., 357; 22 S. E., 411; 39 S. C., 151; 17 S. E., 694; 35 S. C., 344; 14 S. E., 819; 35 S. C., 290; 14 S. E., 678. *No exception can be taken to admission of testimony not objected to:* 113 S. C., 205; 26 R. C. L., 1052, *Refusal to charge law to which no evidence applicable not error:* 73 S. C., 60; 66 S. C., 449. Law of retreat where defendant on his own premises and assailant on highway.

November 29, 1926.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Upon his trial in the Court of General Sessions for Marlboro County, before his Honor, Circuit Judge J. K. Henry, for the crime of assault and battery with intent to kill, the defendant appellant was convicted and sentenced. He has . appealed from such conviction and the sentence imposed. Under the view we take of the case, there is no need to con-

sider but one of the exceptions. That exception relates to the charge.

In charging the jury as to the law of self-defense. the Circuit Judge gave the following instructions:

"Moreover, he has to show that there was no other reasonably safe means of escape. Now, if the victim was armed, if he undertook to escape he might endanger himself, it might be best for him to advance. But if he can avoid the difficulty, the law says he must avoid it in order to avoid the taking of human life, or commit a battery upon his fellow-man.

"You must settle all of the facts. Was there any reasonably safe means of escape? That is a question for you. I cannot help you.

"In argument there was something said about a man's premises. A man has a right to eject another from his premises. After he gives him notice he must leave. He cannot wipe out a pistol, or pull down a gun and go and shoot him. He can't do that. But he can eject him, using force to get him off of his premises, and if in using force the party he is trying to eject should resist, and then by overcoming the force he kills the man, then he is to be excused."

About the close of his charge, his Honor inquired of counsel if there was anything further to be stated to the jury. Counsel for the defendant said this:

"May it please the Court, we would ask the Court to charge that a man standing on his own premises is not required to retreat."

In reply, the Judge said this:

"I just told them that. He can eject him. He can't stand on his premises and shoot somebody off of his premises, or in the highway."

The record shows there was some testimony that, at the time of the difficulty, the defendant was on his own premises, and that the person upon whom the assault and battery was

alleged to have been inflicted was standing in a highway, which the premises of the defendant adjoined.

We think, under the circumstances of the case, that the charge was erroneous. The opinion written by Mr. Justice Cothran, in *State v. Bradley,* 126 S. C., 528; 120 S. E., 240, states ably, clearly, and interestingly, the law of this State as to the rights of one to defend his habitation, and to "stand his ground" when he is on his own premises. We quote the following from the opinion in that case:

"If one is violently attacked at some other place [outside of his home or beyond the curtilage] on his premises, * * * he has the right, in establishing his plea of self-defense, to claim immunity from the law of retreat, which, ordinarily, is an essential element of that defense."

In the Bradley Case, this further statement is made:

"In *State v. Brooks,* 79 S. C., 144; 60 S. E., 518; 17 L. R. A. (N. S.), 483; 128 Am. St. Rep. 836; 15 Ann. Cas. 49, it is held that a person on his premises, outside his home, if assaulted by another with a deadly weapon, is not bound to retreat, but may stand his ground, and meet such attack even to the killing of his assailant, if in other respects he brings himself within the ordinary rules of self-defense."

There may be circumstances where a man may "stand on his premises and shoot somebody off his premises, or in the highway." When a person in a highway, or on adjoining premises, attacks another on his own premises, that other, if he is without fault in bringing on the difficulty, does not have to retreat, but may stand his ground.

The *Bradley Case* was cited and approved in *State v. Gordon,* 128 S. C., 422; 122 S. E., 501, where Mr. Justice Marion, speaking for the Court, used this language:

"One attacked, without fault on his part, on his own premises, has the right, in establishing his plea of self-defense, to claim immunity from the law of retreat, which, ordinarily, is an essential element of that defense."

To the same effect are the cases of *State v. Gibbs,* 113

S. C., 256; 102 S. E., 333; *State v. Brooks,* 79 S. C., 144; 60 S. E., 518.

. We have examined carefully the charge of the presiding Judge, and, in our opinion, the jury was not sufficiently and properly charged that one on his own premises is not held to the same rule as to "the law of retreat," as is required of one not on his own premises.

It is the judgment of this Court that the judgment of the lower Court be reversed, and that the case be remanded for a new trial.

MESSRS. JUSTICES WATTS, COTHRAN, and STABLER, and ACTING ASSOCIATE JUSTICE RAMAGE concur.

MR. CHIEF JUSTICE GARY did not participate.