15673

STATE v. HEWITT *ET AL.*
(31 S. E. (2d), 257)

208

*Messrs. Wyche, Burgess & Wofford,* and *Messrs. Culbertson & Brown,* all of Greenville, S. C., Counsel for the Appellants,

*Solicitor W. A. Bull,* of Greenville, S. C., for The State, Respondent,

August 17, 1944.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court:

John C. Hewitt, his wife, Veva Hewitt, and their two sons, Jasper Hewitt, aged fifteen, and Geno Hewitt, aged thirteen, were indicted in the Court of General Sessions for Greenville County for the murder of J. W. King. Upon trial, Jasper Hewitt was acquitted. John C. Hewitt and Veva Hewitt were found guilty of manslaughter, and sentenced to ten years' imprisonment; Geno Hewitt was convicted of

manslaughter, with recommendation to mercy, and was sentenced to confinement in the South Carolina School for Boys until he should reach the age of twenty-one years. From the judgment and sentence of the Court, John C. Hewitt, Veva Hewitt, and Geno Hewitt have appealed.

John C. Hewitt and the deceased, J. W. King, were near neighbors, living upon their respective farms located on opposite sides of a public highway. Ill feeling had characterized the relations between them and their families for more than a year prior to the homicide. On June 16, 1943, this enmity culminated in the slaying of King, who at the time was standing in the highway opposite the entrance to the driveway leading into the yard of the Hewitts.

The theory of the defense, supported by evidence, was that throughout the violent altercation which preceded the homicide, and at the time of the homicide, the appellants were upon their own premises, within the curtilage, and therefore under no duty to retreat. The testimony for the defense tended to show that the deceased advanced upon Mrs. Veva Hewitt, wife of John C. Hewitt, with a drawn knift, while she was standing within her yard near the driveway. To protect herself, she picked up a rock and threw it at the deceased hitting him somewhere upon the body, whereupon he dropped the knife and proceeded to throw large rocks at her, one of which grazed her body. It was during this assault that King, who continued to stand in the highway, was shot, either by John C. Hewitt or Geno Hewitt, or by both, in the defense of Veva Hewitt, who they contended was in imminent danger of death or serious bodily harm.

The trial Judge, after charging the jury three elements of self-defense, continued with this instruction, to which exception is taken:

"The fourth is, that he must avoid it (the taking of human life) if he reasonably can. The law does not permit the

taking of human life if it can be reasonably avoided. The law is that a person, in order to avoid taking human life, must retreat, unless he is on his own ground; that is, if he can reasonably avoid it; that is, unless it would apparently increase his danger."

Under the law of self-defense, a person may not only take life in his own defense but, by virtue of the rule of the common law, he may also do so in defense of another who bears to him the relationship of wife, parent, or child. 26 Am. Jur., Sec. 158, Page 265, 40 C. J. S., Homicide, § 108, subsec. b, page 969; *State v. Francis,* 152 S. C., 17, 149 S. E., 348, 70 A. L. R., 1133.

Dependent upon the existing circumstances of the particular occasion, a person acting in defense of his wife or parent, is in the same situation and upon the same plane as those who act in defense of themselves. The facts which excuse the killing in defense of self likewise excuse a killing in defense of a member of the family; and the right of the husband to defend his wife is coextensive with the right of the wife to defend herself. 26 Am. Jur., Sec. 159, Page 266; 40 C. J. S., Homicide, § 108, subsec. a, page 968; *State v. Francis,* 152 S. C., 17, 149 S. E., 348, 70 A. L. R., 1133; *State v. Petit,* 144 S. C., 452, 142 S. E., 725; *State v. Hays,* 121 S. C., 163, 113 S. E., 362.

There were two encounters. In the first, to which we have referred, King was making no attack upon the appellants, John C. Hewitt and his son, Geno Hewitt. Although John C. Hewitt relied upon his right to defend his wife, Veva Hewitt, and the appellant, Geno Hewitt, relied upon his right to defend his mother, the Court inadvertently overlooked this theory of the defense in its general charge, and confined the consideration of the jury to the issue of whether or not the homicide was committed solely in their own defense. The second encounter which followed the first in ten or fifteen minutes involved John C. Hewitt alone, and he pleaded defense of self, wife and children.

The prejudicial character of the error was emphasized when, later in the charge, the jury was told: "I charge you that the defendants pleading self defense must show by the greater weight or preponderance of the evidence the four elements of self defense * * *."

Error is also assigned because the Court in the above-quoted instruction failed to clearly and fully instruct the jury that a person is not obliged to retreat even though he can do so without increasing his danger, where, being without fault in bringing on the difficulty, he is assaulted while on his own premises.

The law of this jurisdiction declared in many decisions, is that one attacked, without fault on his own part, on his own premises, has the right in establishing his plea of self defense, to claim immunity from the law of retreat, which ordinarily is an essential element of that defense. *State v. Quick,* 138 S. C., 147, 135 S. E., 800; *State v. Gordon,* 128 S. C., 422, 122 S. E., 501; *State v. Bradley,* 126 S. C., 528, 120 S. E., 240; *State v. Gibbs,* 113 S. C., 256, 102 S. E., 333; *State v. Brooks,* 79 S. C., 144, 60 S. E., 518, 17 L. R. A. (N. S.), 483, 128 Am. St. Rep., 836, 15 Ann. Cas., 49; *Beard v. United States,* 158 U. S., 550, 15 S. Ct., 962, 39 L. Ed., 1086.

In *State v. Quick, supra,* it was held that when a person on the highway or on adjoining premises attacks another on his own premises, that other, if he is without fault in bringing on the difficulty, does not have to retreat, but may stand his ground, if in other respects he brings himself within the ordinary rules of self-defense.

A careful examination of the instruction dealing with retreat leads us to the conclusion that the jury was not sufficiently charged that one on his own premises is not held to the same rule as to the law of retreat, as is required of one not on his own premises. The instruction was:

"The law is that a person, in order to avoid taking human life, must retreat, unless he is on his own ground; that is,

if he can reasonably avoid it; that is, unless it would apparently increase his danger."

The office and purpose of instructions are to enlighten ■ the jury and to aid them in arriving at a correct verdict. It is error to give instructions which are calculated to confuse or mislead the jury.

In the case at bar, the jury might well have considered the expression in the charge, "unless he is on his own ground," either as merely casual or parenthetical; or else as modified by the expressions which followed it. The ambiguous and involved character of the instruction could reasonably have led the jury to understand that one feloniously attacked on his own ground must retreat, unless such retreat would apparently increase his danger.

At the conclusion of the charge, certain requests were made by counsel for appellants, and further instructions given, as hereinafter shown, but we do not think that the additional instructions served to clarify the situation or correct the errors indicated above.

"By Mr. Wofford: Yes, sir, we would like your Honor to charge the jury that the law not only gives a man the right but imposes upon him a duty to defend himself and also his wife and those dependent upon him, and his home, and where he is on his own home or premises he does not have to retreat.

"The Court: I have already charged that."

But, as already pointed out, an examination of the charge shows that the Judge was mistaken in stating that an instruction had been given on the right and duty of one to defend not only himself but also his wife and those dependent upon him. The Court doubtless had in mind the statement made in the quoted instruction that one need not retreat when he is on his own ground. However, we do not think that this later reference to the law of retreat, reaffirmed in

this manner, without more, cured the error, because the instruction given in the first instance was inadequate.

Counsel for appellants, still seeking amplification of the charge, made a further request :

"By Mr. Wofford: And I would also like to have your Honor charge as to protecting his family and home and premises.

"The Court: Mr. Foreman and Gentlemen, I have already defined self defense. That is a complete defense; and a man is not only entitled to the law of self defense, but he has that right as to his family, any member of his family. He is not entitled to self defense as to his premises unless the person is warned to get off his premises. A mere trespasser cannot be shot just in order to make him leave the premises; but if ordered to leave, the owner may use such force as is necessary to eject him."

The additional instruction as given upon the right of appellants, John C. Hewitt and Geno Hewitt, to defend Mrs. Veva Hewitt from death or serious bodily harm, was not sufficiently comprehensive. This was the vital question in the case so far as the appellants were concerned, and they were entitled to have the law relating to that issue adequately explained and applied. An instruction that a man has the right of self-defense as to any member of his family. without telling the jury what constitutes the elements of that defense, does not enlighten, but is. calculated to befog the jury.

The latter part of the instruction, dealing with the ejectment of a trespasser, was irrelevant, and could have resulted in prejudice to the rights of the appellants. The evidence did not present this issue.

Other questions are raised by the appeal, but they become academic in view of our conclusion that a new trial must be granted because of the errors indicated.

Judgment reversed.

Mr. Chief Justice Baker and Messrs. Associate Justices Stukes, Taylor and Oxner concur.