16771

STATE v. GRANTHAM

(77 S. C. (2d) 291)

*Messrs. James P. Mozingo, III,* of Darlington, and *D. Carl Cook,* of Hartsville, *for Appellant,*

*Messrs. Sidney S. Tison, Jr.,* of Hartsville, *Solicitor, Samuel Want,* of Darlington, and *Baskin, Cothran & Lane,* of Bishopville, *for Respondent,*

August 10, 1953.

TAYLOR, Justice.

Appellant was tried at the March, 1952, term of the Court of General Sessions for Darlington County and found guilty, with recommendation to mercy, of the crime of murder.

The evidence discloses that on October 24, 1951, at approximately 7 A. M., appellant telephoned Mr. Clyde Dudley, a deputy sheriff, requesting that he come to appellant's home immediately. Upon arriving there he found the wife of appellant lying on the floor dead, she having been shot five or six times with a pistol a short while before. Near her right arm was found a large knife, described as a

butcher knife, with an 8-inch blade, and between her feet was her pocketbook. It had been her custom to go to work with a fellow employee who called for her each morning at approximately 7 A. M., but on this occasion when she called by the house she was told by appellant that the deceased was not going to work that day. Each of five of the wounds, apparently inflicted while she was facing her assailant with the exception of one through the right ear that extended downward, was sufficient to have proved fatal. The pistol had been fired until empty. Appellant, who was partially paralyzed from a stroke and walked with a stick, stated that his wife had made repeated threats to kill him and that they had quarreled the preceding night; that at the time of the shooting he was sitting on a couch or sofa, having walked there from the rear of the house while the deceased entered the room from the opposite direction; that she advanced upon him with the knife in her right hand; and that he fired when she was five or six feet from him.

Appellant plead self-defense and in connection therewith contends that the trial judge erred in charging the jury as follows:

"Where both the deceased and the defendant are on common ground as they were in this case, that is, where they both had a right to be, then the defendant must show that he had no other reasonable, safe, adequate and obvious means of escape or way of avoiding the danger of losing his life or sustaining a serious bodily injury except to do as he did."

It is undisputed that the homicide occurred in the home of appellant, where he lived with his wife, the deceased, and he takes the position that being in his own home he was not required to retreat; hence, that portion of the charge heretofore related was erroneous and not applicable under the facts of this case.

"A person need not retreat or seek to escape, even though he can do so without increasing his danger, but may lawfully resist even to the extent of taking life if necessary,

where, being without fault in bringing on the difficulty, he is assaulted while in his own dwelling house, in his office or place of business, or on his premises at or near his dwelling house or, as sometimes said, within the curtilage, or the dooryard, or such space as is customarily occupied by the dwelling house and outbuildings appurtenant thereto. However, the rule is predicated on the absence of aggression or fault on his part in bringing on the difficulty; the doctrine is for defensive, and not offensive, purposes." 40 C. J. S., Homicide, § 130, Subsec. c., pp. 1015-1016; *State v. Bowers,* 122 S. C. 275, 115 S. E. 303; *State v. Bradley,* 126 S. C. 528, 120 S. E. 240; *State v. McGee,* 185 S. C. 184, 193 S. E. 303; *State v. Rogers,* 130 S. C. 426, 126 S. E. 329; *State v. Gordon,* 128 S. C. 422, 122 S. E. 501; *State v. Hewitt,* 205 S. C. 207, 31 S. E. (2d) 257. See also, *State v. Gibbs,* 113 S. C. 256, 102 S. E. 333; *State v. Brooks,* 79 S. C. 144, 60 S. E. 518, 17 L. R. A., N. S., 483, 15 Ann. Cas. 49; 26 Am. Jur., Homicide, Sec. 155; *Hutcherson v. State,* 165 Ala. 16, 50 So. 1027.

In *State v. Gordon, supra,* this Court stated the rule to be [128 S. C. 422, 122 S. E. 502]:

"Where a house, premises, or place of business is jointly occupied, used, and possessed by two persons, as by partners, joint tenants, or tenants in common, each joint occupant, being equally entitled to possession, need not retreat when attacked while in the building or premises by the other joint occupant."

The Court then went on to quote from *People v. Tomlins,* 213 N. Y. 240, 107 N. E. 496, Ann. Cas. 1916C, 916:

" 'The rule is the same whether the attack proceeds from some other occupant or from an intruder. It was so adjudged in *Jones v. State,* 76 Ala. 8, 14. "Why," it was there inquired "should one retreat from his own house, when assailed by a partner or cotenant, any more than when assailed by a stranger who is lawfully upon the premises? Whither shall he flee, and how far, and when may he be permitted to return?" We think that the conclusion there reached is sus-

tained by principle, and we have not been referred to any decision to the contrary.' " ·

The foregoing principles of law have recently been affirmed by this Court in *State v. Davis,* 214 S. C. 34, 51 S. E. (2d) 86. The State cites *State v. Stephenson* (spelled Stevenson in 85 S. C. 247), 67 S. E. 239, as authority for the contrary but a close analysis of that case reveals otherwise as the facts are different and a great deal of what was said was *obiter dictum.*

The other exceptions in this case relate to incidents which conceivably may not arise during the next trial; hence, it is not necessary to pass on any of these with the exception of the contention of appellant that he was denied a fair trial in that Deputy Dudley testified that appellant stated to him that he had planned the homicide for a long time whereas this same witness had previously testified at the inquest and no mention of such statement was made at the time, all of which operated to take the appellant by surprise and deny him a fair and impartial trial. A coroner's inquest is not a trial on the merits but merely a preliminary investigation to ascertain the cause of death, whether by natural causes or in an unlawful manner. The fact that the witness did not so testify at the coroner's inquest could be and was used by appellant on cross-examination, but it in nowise precluded him from so testifying at the trial. There is no merit in this exception, and it is, therefore, overruled. See *State v. Griffin,* 98 S. C. 105, 82 S. E. 254.

We are of the opinion that the charge complained of was erroneous as appellant was not burdened with the duty of retreating. He was in his home lawfully occupied by him and if without fault in bringing on the difficulty was not bound to retreat in order to invoke the benefit of the doctrine of self-defense, but could stand his ground and repel the attack with as much force as was reasonably necessary; that under the circumstances related here, both living in the home, his home and her home, the

law imposes no duty upon one to retreat in order to avoid the other, but may stand his, or her, ground if without fault in bringing on the difficulty; that the judgment and sentence appealed from should be set aside and it is so ordered.

Judgment reversed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.