16952

THE STATE, Respondent v. ELMORE SMITH, Appellant

(85 S. E. (2d) 409)

*H. T. Abbot, Esq.,* of Conway, *for Appellant,*

*J. Reuben Long, Esq., Solicitor,* of Conway, *for Respond-
ent,*

January 12, 1955.

OXNER, Justice.

This is an appeal from a conviction of assault and battery of a high and aggravated nature. The only questions involved are (1) whether appellant can invoke the defense of habitation, and (2) whether he is entitled to immunity from the law of retreat in undertaking to establish a plea of self-defense. The answers depend upon the status and rights of the parties at the time and place of the occurrence.

The alleged assault took place at the farm home of a Mrs. Coates in Horry County. The prosecuting witness worked a part of her farm and occupied a house just across the road. He was "in and out" of her home at all times and took his meals there.

Appellant is the son-in-law of Mrs. Coates. A short time prior to the alleged assault, he borrowed $17.00 from her to pay a fine for traffic violation, which he was to repay by gathering her corn crop. He and his wife further agreed to move into her home and help care for her while she was recuperating from a recent operation. Under this arrangement, they moved into Mrs. Coates' house and had been living there almost a week when the alteration occurred.

About eight o'clock one night, following an argument between appellant and the prosecuting witness in the private bedroom of Mrs. Coates, appellant struck the prosecuting witness several times with his fist and later cut him severely with a knife. According to appellant's testimony, he acted in self defense after the prosecuting witness had reached for a rifle. The State's testimony tended to show that appellant was the aggressor and made the assault without any reasonable provocation.

Appellant's counsel requested the Court to charge "the law of habitation". The Court declined to do so, stating that this defense was not applicable because "both parties involved stood on equal grounds" and

"neither had any right over the other in so far as the place where it happened." We think the request was properly refused. The prosecuting witness was neither an intruder nor a trespasser. While in the bedroom of Mrs. Coates, he occupied at least the status of a guest or visitor. Mrs. Coates never requested him to leave nor has she complained of his presence. Indeed, she testified that when appellant was cursing in her bedroom, she asked him to stop or "get out". Under these circumstances, appellant certainly had no right to eject the prosecuting witness from this bedroom. The law of habitation had no relevancy, and the rules as to self-defense were alone applicable. 40 C. J. S., Homicide, § 109; *Commonwealth v. Johnson,* 213 Pa. 432, 62 A. 1064; *Oney v. Commonwealth,* 225 Ky. 590, 9 S. W. (2d) 723.

We now turn to the question of whether appellant was entitled to claim immunity from the law of retreat. The Court included this element in charging the law of self-defense. This was error. Although, as we have held, appellant could not invoke the law of habitation, he was under no duty to retreat. In *State v. Gordon,* 128 S. C. 422, 122 S. E. 501, 503, the Court stated: "Where one on his own premises, without fault on his part, is attacked by another, he is not bound to retreat because he may have no legal right to eject his assailant from the place where the assailant happens to be." It is true that this altercation began in Mrs. Coates' bedroom, but it may be reasonably inferred from the arrangement whereby appellant and his wife were to wait on her while recuperating from an operation, that they had access to all parts of the house. Under these circumstances, if appellant was assaulted and was without fault in bringing on the difficulty, he was not bound to retreat in order to invoke the benefit of the doctrine of self-defense, but could stand his ground and repel the attack with as much force as was reasonably necessary. *State v. Marlowe,* 120 S. C. 205, 112 S. E. 921; *State v. Gordon, supra; State v. Osborne,* 200 S. C. 504, 21 S. E. (2d) 178; *State v. Grantham,* 224 S. C. 41, 77 S. E. (2d) 291.

For error in charging the law of retreat, the judgment is reversed and a new trial granted.

BAKER, C. J., and STUKES, TAYLOR and LEGGE, JJ., concur.