**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thaddess Starks, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-201146

―――――――――

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-548
Submitted October 13, 2015 – Filed December 2, 2015

―――――――――

**AFFIRMED**

―――――――――

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Deputy Attorney General Karen Christine Ratigan, and Assistant Attorney General James Clayton Mitchell, III, all of Columbia, for Respondent.

―――――――――

**PER CURIAM:** In this post-conviction relief (PCR) action, we granted certiorari pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), to hear Thaddess

Starks's belated direct appeal.  On appeal, Starks argues the trial court erred in denying his request for a jury charge on the defense of habitation.  We affirm.[1]

"Generally, the trial [court] is required to charge only the current and correct law of South Carolina."  *State v. Zeigler*, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005).  "In reviewing jury charges for error, we must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial."  *Id.*  "If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."  *Id.*

"The law to be charged to the jury is determined by the evidence presented at trial."  *State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014).  "If there is any evidence to support a jury charge, the trial [court] should give a requested charge on the matter."  *State v. Bryant*, 391 S.C. 225, 233, 705 S.E.2d 465, 469-70 (Ct. App. 2010).  "To warrant reversal, a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."  *State v. Gaines*, 380 S.C. 23, 31, 667 S.E.2d 728, 732 (2008).  "Failure to give requested jury instructions is not prejudicial error where the instructions given afford the proper test for determining the issues."  *State v. Burkhart*, 350 S.C. 252, 263, 565 S.E.2d 298, 304 (2002).

"[T]he defense of habitation provides that where one attempts to force himself into another's dwelling, the law permits an owner to use reasonable force to expel the trespasser."  *State v. Rye*, 375 S.C. 119, 124, 651 S.E.2d 321, 323 (2007).  "For the defense of habitation to apply, a defendant need only establish that a trespass has occurred and that his chosen means of ejectment were reasonable under the circumstances."  *Id.*  Under the defense of habitation, for a victim to become a trespasser, he must either (1) "attempt[] to force himself into another's dwelling" or (2) be a guest in another's dwelling and  "refuse[] to leave when the owner makes that demand."  *Bryant*, 391 S.C. at 233, 705 S.E.2d at 470 (quoting *State v. Bradley*, 126 S.C. 528, 533, 120 S.E. 240, 242 (1923)).  In either case, the victim must be attempting to unlawfully enter or remain in *another's* dwelling.  *See id.*  In *State v. Smith*, our supreme court determined that when a victim and defendant "[stand] on equal grounds and neither [have] any right over the other," the victim is "neither an intruder nor a trespasser" and "[t]he law of habitation ha[s] no

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

relevancy, and the rules as to self-defense [are] alone applicable." 226 S.C. 418, 419-20, 85 S.E.2d 409, 409 (1955).

We find the trial court correctly denied Starks's request to charge the defense of habitation because Alphonso Cleveland (Victim) was not a trespasser, and therefore, the defense was inapplicable to Starks's case. *See Gaines*, 380 S.C. at 31, 667 S.E.2d at 732 ("To warrant reversal, a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."). Betty Ann Cleveland testified she owned the house where the incident occurred and allowed Starks and Victim to live there. A police officer spoke to Cleveland on the night of the incident, and she informed him both Starks and Victim had a right to be in the house. Unlike in *Bryant*, where the defendant's hotel room was considered his dwelling, here, there was no evidence Starks had any ownership stake in the house. 391 S.C. at 227, 705 S.E.2d at 466. Thus, we find Starks and Victim were cohabitants of Mother's home at the time of the incident such that neither had any right over the other as it related to the house. As a result, we conclude the trial court correctly denied Starks's request to charge the defense of habitation and instead charged self-defense and voluntary manslaughter. *See Zeigler*, 364 S.C. at 106, 610 S.E.2d at 865 ("Generally, the trial [court] is required to charge only the current and correct law of South Carolina."); *Smith*, 226 S.C. at 419-20, 85 S.E.2d at 409 (holding "[t]he law of habitation ha[s] no relevancy, and the rules as to self-defense [are] alone applicable" when the victim is "neither an intruder nor a trespasser" and the defendant and victim "[stand] on equal grounds and neither [have] any right over the other"); 40 C.J.S. *Homicide* § 175 (2014) (explaining "the rights of a householder against a violent intruder have no relevancy, and *the ordinary rules as to self-defense are alone applicable, where the deceased was not even a trespasser* but was lawfully in the house, as where the deceased and the accused reside in the same dwelling" (emphasis added) (footnote omitted)).

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**