**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

M'Andre Cochran, Respondent.

Appellate Case No. 2018-001023

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-086
Submitted February 1, 2021 – Filed March 17, 2021

———————

**AFFIRMED**

———————

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Senior Assistant Attorney General W. Edgar Salter, III, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Appellant.

Appellate Defender David Alexander, of Columbia, for Respondent.

———————

**PER CURIAM:**  The State appeals the trial court's grant of immunity to M'Andre Cochran under the Protection of Persons and Property Act (the Act)[1] for the fatal stabbing of Emmitt Kelly.  The State argues the trial court abused its discretion by granting Cochran immunity because he could not establish a claim of self-defense. We affirm.

At the hearing, Cochran testified he arrived home around 5:00 a.m. from working an overnight shift and discovered an unknown vehicle parked at his house and the front door of his house ajar.  Fearing the house had been burglarized, Cochran entered the house and armed himself with a knife.  While inspecting the home, Cochran encountered an unknown man in his dark master bedroom.  The man threw a punch at Cochran, and a fight ensued.  During the fight, Cochran fatally stabbed the man.  Unbeknownst to Cochran, his partner had invited the man to spend the night with her.  The trial court did not abuse its discretion by granting Cochran immunity because evidence supports the three required elements of self-defense.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016) ("An abuse of discretion occurs when the [trial] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in Section 16-1-60."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity."); *State v. Dickey*, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) (stating the elements of self-defense are: "(1) The defendant was without fault in bringing on the difficulty; (2) The defendant . . . actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger; (3) If the defense is based upon the defendant's actual belief of imminent danger, a reasonable prudent man of ordinary firmness and courage would have entertained the same belief . . . ; and (4)

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

The defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance." ((omissions by court) quoting *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998))); *Jones*, 416 S.C. at 291, 786 S.E.2d at 136 ("Under the Castle Doctrine, '[o]ne attacked, without fault on his part, on his own premises, has the right, in establishing his plea of self-defense, to claim immunity from the law of retreat, which ordinarily is an essential element of that defense.'" (quoting *State v. Gordon*, 128 S.C. 422, 425, 122 S.E. 501, 502 (1924))); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 (stating the fourth element of self-defense need not be shown when seeking immunity under the Act).

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.